CAMDEN IRON-WORKS *v.* FOX.

*(Circuit Court, D. New Jersey.   December 14, 1887.)*

1. CONTRACTS—INTERPRETATION—EVIDENCE—ADMISSIBILITY.
    An order, otherwise complete, to a manufacturer of iron pipe for a large quantity of that material, given and accepted August 27, 1884, was in writing, and concluded in these words: "The entire delivery to be completed within ——— weeks from date. We will wire you to-morrow in confirmation of these deliveries." *Held*, in an action by the manufacturer to recover damages for refusal of the buyer to accept the pipe when delivered, that a conversation between the parties had on August 27th prior to the execution of the contract, and subsequent correspondence by mail and telegraph, were admissible. to show that the blank was to be left until the buyer, who was under a contract to furnish the pipe with a per diem penalty, had ascertained what his limit was, and that he then was to, and did the next day, wire what was to go in the blank, viz., the word "nine."

2. SAME—PERFORMANCE—TIME OF THE ESSENCE.
    One who was under a contract with a per diem penalty to deliver iron pipe to a city, gave a written order to a manufacturer, which was accepted the same day.   The time of delivery was left blank, but the understanding of the parties was that the buyer was to telegraph the date the next day, which he did, fixing the delivery "within nine weeks from date." The order was then entered by the manufacturer.   The buyer wrote from time to time urging the speedy prosecution of the work, and finally, when the period was more than up, rescinded the order as to all pipe not then delivered. *Held*, in an action by the manufacturer for damages for refusal to accept, that time was of the essence, and that the manufacturer, having entered the order after the blank was filled, was bound thereby, and could not recover.

At Law.   Trial by the court without a jury.
*S. H. Grey*, for plaintiff.
*Cortlandt Parker* and *David McClure*, for defendant.

WALES, J.   The plaintiff brought this action to recover damages from the defendants in consequence of their refusal to accept and pay for a certain number of cast-iron water-pipes which they had ordered to be manufactured and delivered by the plaintiff.   The contract between the parties was in writing, and in these words:

"*Camden Iron-Works, Phila.*—GENTLEMEN:
    "Please enter order for
       800 lengths 12 in. cast-iron water-pipes
       300   "       6 "     "      "      "      "
—To conform in all respects to the specifications of the D. P. W., city of New York.
    "Prices, 6 in., $32.22; 12 in., $30.45 per ton of 2,000 lbs., delivered on dock N. Y. city.
    "*Delivery.*   You to commence making the 6-in. pipe immediately following execution of order now in your books from N. Y. city, and to commence mak‹

ing the 12 in. on completion of 12 in. order now in hand from Boston. The entire delivery in New York to be completed within ———— weeks from date. We will wire you to-morrow in confirmation of these deliveries.

"Yrs., FOX & DRUMMOND.

"Accepted: WALTER WOOD, Prest. Camden Iron-Works."

This order and acceptance were written in the office of Camden Iron-Works, in Philadelphia, and dated the 27th of August, 1884, and the contract was complete with the exception of filling the blank space next preceding the word "weeks." Parol evidence of the conversation had between Mr. Wood and Mr. Drummond on the 27th of August, and prior to the signing of the paper of that date, was admitted to explain a latent ambiguity, namely, the purpose of the blank space, and the meaning of the words, "We will wire you to-morrow in confirmation of these deliveries." Subsequent correspondence by letter between the parties was also admitted for the same reason. From this evidence it appeared that Mr. Wood and Mr. Drummond, during their interview on the 27th of August, and preceding the signing and acceptance of Fox & Drummond's order, were unable to agree on the time within which the pipes should be delivered in New York, and this was left open until Mr. Drummond could ascertain, on his return to New York, the utmost limit of time that could be allowed. Fox & Drummond were under a contract to furnish water-pipes for the New York department of public works within a specified time, and were liable to a penalty of $50 for each and every day's delay in the fulfillment of that contract. Having discovered the time when their contract with New York would be up, Fox & Drummond sent to the plaintiff a telegram and a letter, of which the following are copies:

(Telegram.) "NEW YORK, August 28, 1884.

"*R. D. Wood & Co., Phila.:* We confirm yesterday's order N. Y. pipe, inserting the word 'nine.' FOX & DRUMMOND."

(Letter.) "NEW YORK, August 28, 1884.

"*R. D. Wood & Co., Phila.*—GENTLEMEN: We wired you confirming order given yesterday for the New York pipe. Please insert the word 'nine' in the blank space before the word 'weeks.' This will make the letter writer gave you complete. FOX & DRUMMOND."

The defendants again wrote to the plaintiff, under date of September 1, 1884:

"GENTLEMEN: We wrote you on August 28th, confirming our telegram of same date re New York pipe, and presume same duly reached you, and that all is satisfactory. FOX & DRUMMOND."

The plaintiff replied to this on the next day:

"GENTLEMEN: We have yours of the first instant at hand, and have entered your order for 6 and 12 inch pipe," etc.

As early as September 20th, Fox & Drummond wrote to plaintiff:

"GENTLEMEN: Please advise definitely when you will commence on the N. Y. pipe. We expected you would commence by this time. The delivery must be on time."

To this plaintiff replied, on the 23d:

"We shall turn onto your 12's at Millville on Thursday, September 25th,"

—But without making any reference to the time of delivery. The defendants wrote again on the 23d September to plaintiff:

"GENTLEMEN: We are waiting a reply to the letter of September 20th, relative to the N. Y. pipe. You will oblige by wiring us to-morrow on the subject in case you have not already written us. This is important."

October 8th Fox and Drummond wrote to plaintiff:

"If there is going to be any further delay on our order we should know it at once, as a matter of justice to us, and thus have an opportunity of transferring some portion of the order to some foundry that will deliver the pipe at once, and so enable us to carry out our contract with N. Y. city."

October 10th Fox & Drummond informed the plaintiff by letter that there was little time then left in which to complete the order, and that no extension would be granted; and on October 29th they notified the plaintiff that no pipe would be accepted by them after that day, under the contract of August 27th. Only 49 pieces of 12-inch pipe were delivered in New York within the nine weeks, and these were paid for. Acceptance of all sent after that time was refused. The nine weeks ended on the 29th of October. The plaintiff did not enter the order of August 27th until after the receipt of the telegram and letter from the defendants directing the insertion of the word "nine" in the blank space. It was, at that moment, optional with the plaintiff to have accepted or refused the terms of delivery insisted on by the defendants. If the plaintiff did not intend to be held to an expressly limited time for delivery, the defendants should have been frankly and promptly informed of such intention, so that they could have looked elsewhere for the needed pipes. But this was not done, although on September 2d plaintiff wrote to the defendants, "Have entered your order for 6 and 12 inch pipe," and thus led the latter to believe that their instructions had been obeyed, and that the time for delivery stipulated for by them had been made a part of their order.

In view of these facts, the court finds that the order of August 27th was incomplete until the blank space had been filled up according to the meaning of the words, "We will wire you to-morrow in confirmation of these deliveries;" and that the telegram sent to and received by the plaintiff on the following day, directing how the blank should be filled, was made a part of the contract; that the absence of any objection by the plaintiff to the insertion of the word "nine" after the receipt of the telegram and letter of the 28th of August, was evidence of acquiescence in the terms proposed by the defendants; that the plaintiff had no authority to enter the order of August 27th without filling in the blank as directed by the defendants, and was consequently without authority to manufacture the pipe and charge the defendants therefor, unless the terms of delivery, as stipulated for by the defendants, were complied with. No parol evidence can be admitted to vary or explain a written contract, except in case of fraud, mistake, or latent ambiguity. Here there was no fraud or mistake in the inception of this order, but there

was an obscurity about it, as originally written, which required to be removed before the contract between the parties could be rightly interpreted, and for this purpose only was testimony *dehors* the written agreement received. Under the operation of this rule, the larger portion of plaintiff's testimony was excluded.

The plaintiff having failed to deliver the articles contracted for within the time limited for their delivery, there can be no recovery in this action, and judgment must be entered for the defendants for costs.